J-A28040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE BARRIOS-LEON | |
| Appellant | No. 816 EDA 2014 |

Appeal from the Order February 4, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000249-2013

BEFORE: GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 11, 2014**

Jose Barrios-Leon has filed a direct appeal from an order denying his post-sentence motion to withdraw his guilty plea for simple assault and indirect criminal contempt. We dismiss this appeal without prejudice to Barrios-Leon's right to raise claims of ineffective assistance of counsel in a petition under the Post Conviction Relief Act ("PCRA")[1].

On June 26, 2013, Barrios-Leon entered into a negotiated guilty plea to one count of simple assault[2], and he pled guilty to indirect criminal contempt[3] stemming from his violation of a Protection From Abuse order. He admitted that he slapped his wife across the face multiple times and then

_____

[1] 42 Pa.C.S. § 9541 *et seq*.
[2] 18 Pa.C.S. § 2701.
[3] 42 Pa.C.S. § 4136.

dragged her down the street by her hair and clothing. N.T. 6/26/13, p. 3. The court sentenced him to 3-6 months' imprisonment followed by two years of probation.

Barrios-Leon is not a United States citizen and is an illegal alien. During his guilty plea hearing, his attorney informed the court that she had discussed possible immigration consequences of Barrios-Leon's guilty plea with him and advised him that he was subject to deportation. N.T., 6/26/13, p. 4.

Ten days after his guilty plea, through new counsel, Barrios-Leon filed a post-sentence motion to withdraw his guilty plea, claiming that his attorney provided ineffective assistance under *Padilla v. Kentucky*, 559 U.S. 356 (2010), by failing to adequately investigate or communicate the immigration consequences of his guilty plea. Barrios-Leon also contended that prior counsel provided ineffective assistance by failing to investigate the charges against him. Had possible defenses been investigated, Barrios-Leon asserted, he might have been acquitted of all charges.

At the conclusion of an evidentiary hearing on February 4, 2014, the court denied Barrios-Leon's motion to withdraw his guilty plea. On March 6, 2014, Barrios-Leon filed a timely notice of appeal. Both Barrios-Leon and the court complied with Pa.R.A.P. 1925.

Barrios-Leon's first argument on appeal is that the court erroneously denied his motion to withdraw his guilty plea, because defense counsel failed to provide adequate advice as to the immigration consequences of pleading

guilty. In so many words, Barrios-Leon contends that the court should have permitted withdrawal of his guilty plea because his attorney provided ineffective assistance under **Padilla**.

Barrios-Leon cannot raise this claim on direct appeal. Generally, the defendant must wait until the PCRA stage before raising claims of ineffective assistance. **Commonwealth v. Grant**, 813 A.2d 726 (Pa.2002). Two exceptions exist to this rule:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims,… where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown,[1] and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[2] In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called *Bomar* exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review. **See Commonwealth v.**

> ***Wright*** [599 Pa. 270], 961 A.2d 119, 148 n. 22
> (Pa.2008); ***Commonwealth v. Liston*** [602 Pa.
> 10], 977 A.2d 1089, 1095–1101 (Pa.2009) (Castille,
> C.J., concurring, joined by Saylor and Eakin, JJ.).
>
> [1] [I]n short sentence cases the trial court's
> assessment of good cause should pay particular
> attention to the length of the sentence imposed and
> the effect of the length of the sentence will have on
> the defendant's realistic prospect to be able to avail
> himself of collateral review under the PCRA.
>
> [2] Unitary review describes the defendant's ability to
> pursue both preserved direct review claims and
> collateral claims of trial counsel ineffectiveness on
> post-sentence motions and direct appeal, and could
> aptly describe both exceptions we recognize today.
> However, for purposes of [Holmes], we intend the
> term only to describe the second exception, *i.e.,* that
> hybrid review which would encompass full-blown
> litigation of collateral claims (including non-record-
> based claims).

***Commonwealth v. Holmes***, 79 A.3d 562, 563-64 (Pa.2013).

Neither of the ***Holmes*** exceptions applies in this case. The court held an evidentiary hearing on Barrios-Leon's claim of ineffectiveness without first considering whether either exception applied. The court did not address whether extraordinary circumstances warranted immediate review of the ineffectiveness issue in the interests of justice. Nor did the court address whether good cause existed to review all direct appeal and ineffectiveness issues at the same time and then obtain Barrios-Leon's express waiver of his right to seek PCRA relief after his conviction and sentence.

Therefore, the trial court should have refrained from addressing the claim of ineffective assistance included within Barrios-Leon's post-sentence motion to withdraw his guilty plea. We dismiss Barrios-Leon's claim of ineffective assistance without prejudice to his right to raise this claim in a PCRA petition. *Commonwealth v. Burno*, 94 A.3d 956, 970-71 (Pa.2014) (dismissal of defendant's ineffective assistance claims without prejudice to defendant's ability to raise claims in postconviction proceedings was appropriate remedy for trial court's error in addressing ineffectiveness claims raised in post-verdict motion, where trial court failed to determine whether good cause existed to litigate the two claims on post-verdict motion and failed to require defendant to waive postconviction review of claims litigated on post-verdict motion).

Barrios-Leon's second argument on appeal is that the trial court denied him due process during the hearing on his motion to withdraw his guilty plea by (1) refusing to continue the hearing to procure witnesses who failed to honor their subpoenas to attend the hearing; (2) setting time limits on direct and cross examination; and (3) demanding that counsel "wrap…up" their questioning. Barrios-Leon contends that these acts prevented him from developing claims of ineffective assistance of counsel for failing to investigate issues that might have proved his innocence.

Since this argument is integrally related to a claim of ineffective assistance, it belongs in a PCRA petition instead of in a direct appeal. It

does not fit within either of the narrow exceptions under which the appellant may present ineffective assistance claims on direct appeal. ***Holmes, supra***. Therefore, we dismiss this argument without prejudice to Barrios-Leon's right to raise it in a PCRA petition.

Appeal dismissed without prejudice to appellant's right to raise claims in PCRA petition. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/11/2014</u>